UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDRA QUAKENBUSH ) | |
| ) | Case Number |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| NATIONAL ACTION FINANCIAL ) | JURY TRIAL DEMANDED |
| SERVICES, LVNV FUNDING LLC, ) | |
| MERCANTILE ADJUSTMENT ) | |
| BUREAU and RESURGENT CAPITAL ) | |
| SERVICES LP ) | |
| ) | |
| Defendant ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Sandra Quakenbush, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Sandra Quakenbush, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendants for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendants transact business in the Commonwealth of Pennsylvania.

### III. PARTIES

4. Plaintiff, Sandra Quakenbush, is an adult natural person residing at 210 Hickory Court, Hamilton, IL 62341.

5. Defendant, National Action Financial Services ("NAFS"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 165 Lawrence Bell Drive, Suite 100, Williamsville, NY 14221.

6. Defendant, LVNV Funding LLC a Delaware Limited Liability Company ("LVNV"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its principal place of business located at 625 Pilot Road, Las Vegas, NV 89119.

7. Defendant, Mercantile Adjustment Bureau ("MAB"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its PA registered address located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

8. Defendant, Resurgent Capital Services LP ("RCS"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania with its PA registered address located at 116 Pine Street, Suite 320, Harrisburg, PA 17101.

9. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

10. Defendant, LVNV Funding LLC purchased from HSBC Bank Nevada National Association an alleged debt owed by Plaintiff.

11. Defendant, LVNV Funding LLC forwarded the alleged debt to Defendant, Resurgent Capital Services LP for servicing.

12. In or around the beginning of November 2008, Defendant, LVNV Funding placed the alleged debt with Defendant, National Action Financial Services for attempted collection.

13. In or around the beginning of November 2008, Defendant, Resurgent Capital Service LP placed the same alleged debt with Defendant, Mercantile Adjustment Bureau for attempted collection.

14. In or around the beginning of November 2008, Plaintiff began to receive phone calls in regards to the alleged debt from Defendant, NAFS. Plaintiff requested that Defendant, NAFS cease and desist all further communication. Defendant, NAFS ignored Plaintiff's request and continued to harass Plaintiff on a daily basis.

15. In or around the middle of November 2008, Plaintiff began to receive phone calls regarding the same alleged debt from Defendant, MAB in addition to continuing to receive calls from Defendant, NAFS. This only served to confuse and frustrate Plaintiff.

16. Plaintiff demanded that Defendants, NAFS and MAB cease and desist all further communication.

17. On or around November 12, 2008, Defendant, NAFS sent a collection notice to Plaintiff. Please see a copy of the collection notice appended hereto and marked "**EXHIBIT A**". This collection notice stated the following:

   a. "LVNV Funding LLC has purchased the above referenced account from the above referenced previous creditor. LVNV Funding LLC has placed your account with this agency for collection."

18. Defendant, NAFS referenced the previous creditor as HSBC Bank Nevada National and listed the previous account number as 7001062004276899.

19. On or around November 17, 2008, Defendant, MAB sent a collection notice to Plaintiff. Please see a copy of the collection notice appended hereto and marked "**EXHIBIT B**". This collection notice stated the following:

   a. "Resurgent Capital Services has purchased the above referenced account from the above referenced Previous Creditor. Resurgent placed your account with this office for collection."

20. Defendant, MAB referenced the previous creditor as HSBC Bank Nevada National and listed the previous account number as 7001062004276899.

21. The collection notices sent to Plaintiff by Defendants, NAFS and MAB directly contradicted each other as to who owned the alleged debt currently. Defendants, LVNV and RCS are responsible for precipitating dual collection efforts by Defendants, NAFS and MAB and therefore, are liable for the violation of the FDCPA as much, if not more so than Defendants, NAFS and MAB.

21. Plaintiff continued to receive phone calls from Defendants, NAFS and MAB.

22. On November 26, 2008, Plaintiff sent Defendants, NAFS and MAB cease and desist letters via certified mail, requesting return receipts. Please see a copy of the cease and desist letter and post office receipts appended hereto and marked "**EXHIBIT C**".

23. Simultaneously, Plaintiff filed online complaints against Defendants, NAFS and MAB with the Better Business Bureau.

24. Defendants, NAFS and MAB accepted delivery of the cease and desist letters on December 2, 2008. Please see copies of the certified mail receipts appended hereto and marked "**EXHIBIT D**".

25. On December 3, 2008, Defendant, NAFS responded to Plaintiff's online complaint with the Better Business Bureau, claiming it had never received a cease and desist notice from Plaintiff, denying that it had any business with Plaintiff and stating that it had no reason to call her.

26. Defendants ("NAFS, LVNV, MAB and RCS") deception and harassment was abusive toward the Plaintiff, causing frustration, confusion and undue stress. Therefore, Defendants actions were violations of the FDCPA.

27. The Defendants acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt.

28. The Defendants knew or should have known that their actions violated the FDCPA. Additionally, Defendants could have taken the steps necessary to bring their

and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

29. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

30. At all times pertinent hereto, the conduct of Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

31. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT 1 – FDCPA

32. The above paragraphs are hereby incorporated herein by reference.

33. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

34. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of §§ 1692c(a)(1), d, d(5), d(6), e, e(10), e(11), f, g and g(a)(2).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, National Action Financial Services, LVNV Funding LLC, Mercantile Adjustment Bureau and Resurgent Capital Services LP for the following:

a.  Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b.  Actual damages;

c.  Statutory damages pursuant to 15 U.S.C. § 1692k;

d.  Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e.  Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: January 30, 2009

BY:   */s/ Bruce K. Warren*
Bruce K. Warren, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff